Slip Op. 14-147

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, <br><br>                      Plaintiff, <br><br>      v. <br><br>HORIZON PRODUCTS INTERNATIONAL, INC., <br><br>                      Defendant. | Before: Leo M. Gordon, Judge <br><br>Court No. 14-00104 |

**MEMORANDUM and ORDER**

[Defendant's motion to amend scheduling order out of time denied.]

Dated: December 18, 2014

     Daniel B. Volk, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC for Plaintiff United States. With him on the brief were Joyce R. Branda, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Claudia Burke, Assistant Director. Of counsel on the brief was Claire J. Lemme, Attorney, Office of Associate Chief Counsel for U.S. Customs and Border Protection.

     Peter S. Herrick, Peter S. Herrick PA of St. Petersburg, Florida for Defendant Horizon Products International, Inc.

     **Gordon, Judge:** Before the court is Defendant Horizon Products International, Inc.'s ("Horizon") motion to amend the Scheduling Order out of time. Horizon also seeks to extend the deadline for Plaintiff United States ("Government") to respond to Horizon's discovery requests and all subsequent deadlines, including for filing dispositive motions or requesting a trial, by 90 days respectively. The Government opposes Horizon's motion.

On June 27, 2014, the court issued an order providing, inter alia, that discovery be completed on or before September 30, 2014, and that any motions regarding discovery be filed on or before October 24, 2014. Scheduling Order, Ct. No. 14-00104, June 27, 2014, ECF No. 10 ("Scheduling Order" or "Order"). From that point in June to the end of July, there was no discovery activity between the parties other than an exchange of initial disclosures. Pl.'s Resp. to Def.'s Mot, Ex. A, Nov. 21, 2014, ECF No. 16. Approximately one month later, on August 28, the Government served Horizon with requests for admissions, interrogatories, and requests for production. Id. On September 24, six days prior to the close of the discovery period, Horizon served its responses to the Government's discovery requests. Id., Ex. B. That same day, Horizon served its first set of interrogatories and initial request for production of documents on Plaintiff. Id., Ex. C. On October 27, three days past the deadline for the filing of any discovery-related motions, the Government advised Horizon that it would not respond to Horizon's discovery requests as, in the Government's view, those requests were not timely served. Def.'s Motion to File an Amended Scheduling Order Out-of-Time, Ex. A, Nov. 4, 2014, ECF No. 11 ("Def.'s Mot."). On November 4, Horizon filed its motion to amend the Scheduling Order. Thereafter, on November 21, the Government filed (1) a motion for summary judgment in keeping with the Scheduling Order, and (2) its response to Horizon's motion.

USCIT Rule 16, which is comparable to Federal Rule of Civil Procedure 16, requires the court to issue a scheduling order that governs the scope of discovery and

limits the time (including a cutoff date) for parties to complete discovery.  See 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure § 1522.1 (3d ed. 2014).  Once a schedule is established, Rule 16(b)(4) permits a modification only upon a showing of good cause by the party seeking the modification.  See also USCIT R. 6(b)(1)(A).  If the date for completion of discovery has passed, the movant must also establish, under USCIT Rule 6(b)(1)(B), that its failure to act was due to either excusable neglect or circumstances beyond its control.

In assessing whether Horizon has shown excusable neglect, the court considers: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  See Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 392, 395 (1993).  It is not enough for Horizon to assert claims of "inadvertence, ignorance of the rules, or mistakes construing the rules" to satisfy the excusable neglect standard.  See id. at 392.

Here, Horizon fails to show excusable neglect that would justify the late filing of its motion to amend the Scheduling Order.  Defendant's counsel has not offered any cause or excuse for missing the deadline for the completion of discovery.  Horizon is silent about why it was unable to file a motion for an extension of time until 35 days after the expiration of the discovery deadline.  The motion also does not explain Horizon's

inaction from June 27 to September 24 in the discovery process (other than the exchange of initial disclosures). Horizon has not provided the court with evidence of communication that it had with Plaintiff's counsel via phone, email, or letter regarding difficulties in completing discovery prior to September 30 or the need to extend the discovery period. Horizon simply relies on the arguments that the extension request will not "unnecessarily delay these proceedings" and "will avoid a manifest injustice." Def.'s Mot. 1. Without something more, these naked assertions are insufficient to demonstrate excusable neglect.

Even if Horizon could establish excusable neglect based simply on a lack of prejudice to the Government, its request for an extension of time must be denied because Horizon has also failed to demonstrate good cause warranting modification of the Order. Under the good cause standard — the general standard for obtaining an extension of time under USCIT Rules 6(b)(1)(A) and 16(b)(4) — the court's primary consideration is whether the moving party can demonstrate diligence. See High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1319 (Fed. Cir. 2013); Paice, LLC v. Hyundai Motor Co., Civ. No. WDQ-12-0499, 2014 WL 3385300, at *1 (D. Md. July 8, 2014); 6A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1522.2 at 2 (good cause standard not met if movant failed to act diligently).

The Government argues that Horizon's discovery requests were untimely. The court agrees. Once a discovery deadline is established, a party must serve interrogatories and requests for production of documents in sufficient time to permit the

opposing party the 30-day response time under Rules 33 and 34 before the close of discovery.  See Thomas v. Pacificorp, 324 F.3d 1176, 1179 (10th Cir. 2003).  The timing of Horizon's service of its discovery requests left the Government with only six days to respond, far less than is permitted under USCIT Rules 33 and 34.

Horizon's motion offers no explanation for its inaction for the large majority of the discovery period, nor does it provide any insight into counsel's cognizance of the operative times under Rules 33 and 34.  A party, like Horizon, may not arrogate to itself additional time for discovery beyond that set forth in a scheduling order by serving the opposing party with untimely discovery requests.  Any extension of time, even those stipulated to under Rule 29, requires court approval.  Hernandez v. Mario's Auto Sales, Inc., 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009).

The timeline established by a scheduling order is binding and cannot be "cavalierly disregarded by counsel without peril."  Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).  Horizon's motion fails to set forth how it diligently pursued discovery within the time allotted under the Scheduling Order.  Further, Horizon does not identify the factual information it seeks to obtain through discovery, nor does it explain why it needs that discovery in order to defend itself in this action.  As noted above, Horizon offers only general statements about the impact of an extension on the Government without any support.  Horizon also fails to provide any evidence of communication that it undertook with the Government to address completing discovery in a timely manner or appropriately moving to extend the deadlines in the Scheduling

Court No. 14-00004                                                                                                  Page 6

Order.  As with excusable neglect, without something more to evidence Horizon's diligent pursuit to comply with the discovery deadline, a modification of the Scheduling Order is not warranted.

Lastly, Horizon's motion lacks any effort to identify standards against which the court can evaluate the implications of permitting Horizon to file its motion out of time and to extend discovery.  By submitting a motion without explaining the cause for its failure to file a timely motion to extend the Scheduling Order and its diligence to pursue discovery within the prescribed period, Horizon improperly places the burden on the court to "'do counsel's work, [and] create the ossature for the argument,'" namely to set forth the reasons upon which the requests for relief were based.  <u>Since Hardware (Guanghou) Co. v. United States</u>, 37 CIT ___, ___, 911 F. Supp. 2d 1362, 1381 (2013) (quoting <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990)).  This the court will not do.

Accordingly, it is hereby

**ORDERED** that Horizon's motion to file an amended scheduling order out of time is denied; and it is further

**ORDERED** that Horizon shall file its response to Plaintiff's motion for summary judgment on or before January 20, 2015.

                                                                  /s/ Leo M. Gordon
                                                              Judge Leo M. Gordon

Dated:   December 18, 2014
           New York, New York