Slip Op. 15-96

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON PRODUCTS INTERNATIONAL, INC., <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Court No. 14-00104 |

**OPINION**

Daniel B. Volk, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, D.C. for Plaintiff United States.  On the brief with him were Joyce R. Branda, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Claudia Burke, Assistant Director.  Of counsel on the brief was Claire J. Lemme, Attorney, Office of the Associate Chief Counsel for U.S. Customs and Border Protection of Miami, Florida.

Peter S. Herrick, Peter S. Herrick, P.A. of St. Petersburg, Florida for Defendant Horizon Products International, Inc.

Gordon, Judge: Recently this Court granted Plaintiff United States ("the Government") partial summary judgment with respect to unpaid duties resulting from the misclassification of imports of various types of plywood by Defendant Horizon Products International, Inc. ("Horizon"). United States v. Horizon Prods. Int'l, Inc., 39 CIT ___, Slip Op. 15-80 (July 24, 2015). Additionally, the court awarded the Government equitable pre-judgment interest on those unpaid duties. Id. Lastly the court denied the Government summary judgment on its claim for a civil penalty based on negligence, determining that genuine issues of material fact remained regarding (1) whether Horizon exercised reasonable care in making its entries and (2) the amount of any penalty owed because of

Horizon's alleged negligent misclassification of the imported plywood. Id. In view of those decisions, the question is whether the court should enter a partial judgment pursuant to USCIT Rule 54(b) as to the unpaid duties and the award of equitable pre-judgment interest. For the reasons set forth below, the court will enter a Rule 54(b) partial judgment.

Rule 54(b) provides in part that

> [w]hen an action presents more than one claim for relief whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay.

USCIT R. 54(b).

Rule 54(b) requires finality—"an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Additionally, in evaluating whether there is no just reason for delay, the court examines whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment. See Timken v. Regan, 5 CIT 4, 6 (1983).

Here the Government's complaint presented two distinct claims—one for unpaid duties under 19 U.S.C. § 1592(d) and the second for a civil penalty associated with the negligent misclassification of the subject entries under 19 U.S.C. § 1592(a). Horizon conceded liability for the unpaid duties. Nothing remains for the court to decide as to those duties (and any concomitant interest). Accordingly, there is "an ultimate disposition" of the duty claim.

As to the civil penalty, issues remain. Resolution of those issues though are not implicated by the final disposition of the unpaid duty claim. <u>See</u> 19 U.S.C. § 1592(a) (loss of revenue from unpaid duties not an element of cause of action for civil penalty under this provision).

The entry of a Rule 54(b) judgment on the unpaid duties would serve the interests of both parties and the administration of justice by affixing the amount of equitable pre-judgment interest owed, rather than permitting the continued accrual of that interest on the undisputed unpaid duties until the entry of judgment at the conclusion of the litigation. Since Horizon conceded liability for the unpaid duties, the court has little or no concern over the possibility of piecemeal litigation, <u>i.e.</u>, appeals, here. Accordingly, the circumstances of this action favor the immediate entry of partial judgment for the Government as to the unpaid duties and the award of equitable pre-judgment interest.

Based on the foregoing, the court will enter partial judgment pursuant to USCIT Rule 54(b).

                                                                                  /s/ Leo M. Gordon
                                                                                   Judge Leo M. Gordon

Dated:    August 26, 2015
           New York, New York